BEATRICE OLENICK, Plaintiff, *v.* ALFRED OLENICK, Respondent. EDWARD E. HOENIG, Corespondent, Appellant.

First Department, January 24, 1919.

**Husband and wife — separation — counterclaim for divorce — evidence establishing adultery of plaintiff — evidence — testimony by wife of corespondent as to admissions made by plaintiff — failure of corespondent to object.**

Action for a separation in which the defendant husband counterclaimed by alleging a cause of action for absolute divorce and upon which he obtained judgment against the plaintiff. Evidence examined, and *held*, that the trial court was fully justified in finding the fact of adultery of the plaintiff.

A corespondent in such action who appeared and was represented by his own counsel cannot claim that it was reversible error to allow his wife to testify to admissions made by the plaintiff as to improper relations with the corespondent, where no objection was taken on his behalf, but only on behalf of the plaintiff by her own attorney.

Such evidence was admissible against the plaintiff to prove her adultery and, whether or no it is admissible against the corespondent, his defense cannot deprive the defendant of the right to use any competent evidence which he would otherwise have against the plaintiff.

APPEAL by the corespondent, Edward E. Hoenig, from an interlocutory judgment of the Supreme Court in favor of

the defendant, entered in the office of the clerk of the county of New York on the 28th day of June, 1916, upon the decision of the court after a trial at the New York Special Term.

The judgment was rendered upon defendant's counterclaim and awarded to the defendant a divorce against plaintiff.

*Aaron William Levy* of counsel [*William M. Sullivan,* attorney], for the appellant.

*Leo H. Klugherz* of counsel [*George R. Simpson,* attorney], for the respondent.

SMITH, J.:

This action was brought by the wife against the husband for a separation. Defendant set up a counterclaim by alleging a cause of action for an absolute divorce charging the plaintiff with having committed adultery with one Edward E. Hoenig. This appellant, Hoenig, came into the case as the corespondent and filed a reply to the defendant's counterclaim, as did also the plaintiff herself. Both the plaintiff and Hoenig appeared upon the trial of the action by separate attorneys and contested the defendant's counterclaim. The trial judge, however, found that the defendant had sustained the charges set forth in his counterclaim and has decreed a judgment of divorce against the plaintiff in behalf of the defendant. From that judgment the plaintiff herself does not appeal. The questions here arise upon the appeal of the corespondent.

The main contention of the appellant upon this appeal is two-fold. He first claims that the verdict is against the weight of evidence, and secondly that incompetent evidence was received. Upon the first contention, however, I am well satisfied the trial court was fully justified in finding the fact of the adultery with the appellant. He was with the plaintiff in this action a great deal of the time against his wife's protest, and against the protest of her husband. He was seen to take liberties with her when they supposed they were alone. Most significant evidence is found in his trip to Atlantic City in a party of which she was a member, where they all stayed for several days. This party was composed of this plaintiff and a Mrs. Rosenberg, her sister-in-law, who was a confessed prostitute and known by the plaintiff

and appellant to be at the time. When in Atlantic City they met another man who was a friend of Mrs. Rosenberg. The appellant claims that he went to Atlantic City as a friend of Mrs. Rosenberg and not as a friend of the plaintiff. But this claim is palpably false. His intimacy was and had been with the plaintiff and not with Mrs. Rosenberg. Mrs. Rosenberg met her gentleman friend at Atlantic City. While there is no specific evidence as to how much the appellant associated with the plaintiff while at Atlantic City, the inference is clearly justified that it was for the plaintiff's companionship that he went there, and for that only, and in the light of their prior relations the inference was fairly drawn by the jury that they went there for the purpose of improper cohabitation. They both stayed at the same hotel. They had rooms opposite each other and when she moved from the third floor to the fifth floor, he also moved, and they had rooms opposite each other on the fifth floor. A significant fact also is that this appellant went to Atlantic City under the assumed name of Cross. The evidence fully corroborates the evidence of Mrs. Hoenig to the effect that plaintiff admitted in her presence her improper intimacy with appellant. There are other facts brought out in the evidence all leading to the same inference of guilt, which it is unnecessary here to specify in detail.

Upon the trial the defendant called as a witness Sarah Hoenig, the wife of the corespondent, who swore to admissions made by the plaintiff of improper relations with Hoenig and also to other facts corroborative of the plaintiff's guilt. This evidence was objected to by Mr. Mayper, the plaintiff's attorney, as not proper, as being the testimony by a wife against her husband. Mr. Mayper was attorney for the plaintiff in the case. The defendant was represented upon the trial by an attorney named Sullivan. Sullivan did not raise this objection nor did Mayper raise the objection specifically in behalf of Hoenig. The objection then being by Mayper, the plaintiff's attorney, must be deemed an objection by Mayper in behalf of his own client and upon such objection the ruling must be judged. It is unnecessary here to decide whether the evidence would have been admissible as against this appellant had objection been duly made. It was

clearly admissible, however, as against the plaintiff to prove her adultery. If the corespondent had not come into the case and defended, no question could have been raised as to the competency of this evidence. It cannot be held that his defense can have the effect of depriving the defendant of the right to use any competent evidence which he would otherwise have against the plaintiff.

The judgment should be affirmed, with costs.

CLARKE, P. J., LAUGHLIN, SHEARN and MERRELL, JJ., concurred.

Judgment affirmed, with costs.